UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN CHARLES WATTS, ) | CASE NO.: C06-0311-TSZ |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| KENNETH QUINN, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Brian Charles Watts, proceeding *pro se* in this 28 U.S.C. § 2254 action, challenges his 1997 conviction by guilty plea to attempted murder in the second degree (Count 1) and two counts of rape in the first degree (Counts II and III). (Dkt. 1.) Petitioner was sentenced to 123 months on Count 1, 102 months on Count II, and 102 months on Count III, with the terms to run consecutively. (Dkt. 9, Ex. 1 at 3.) Respondent submitted an answer, arguing that petitioner's § 2254 motion should be dismissed with prejudice. (Dkt. 7.) Petitioner did not reply to respondent's answer. Having reviewed the record in its entirety, including the state court record, the Court recommends that the petition be dismissed with prejudice.

Petitioner did not file a direct appeal of his conviction and sentence. On July 12, 2005, he filed a personal restraint petition challenging his sentence on the basis of *Blakely v. Washington*,

542 U.S. 296 (2004). (Dkt. 9, Ex. 2.) He raised the following grounds for relief:

> 1.1 A criminal defendant has the constitutional right to have a jury find beyond a reasonable doubt any fact that increases his statutory maximum sentence. Where the trial court imposed an exceptional sentence above the standard range, is the appellant's sentence void, requiring this court to remand for imposition of a standard range sentence?
>
> 1.2 Appellant received a sentence above the standard range when the judge imposed consecutive sentences based solely upon the entry of a guilty plea. Under the reasoning in Blakely, is appellant's sentence void, requiring remand for imposition of a standard range sentence?
>
> 1.3 Where the State of Washington's exceptional sentencing scheme has been declared unconstitutional did the trial court have statutory authority to order an enhanced sentence by virtue of appellant's guilty plea?
>
> 1.4 Was appellant's guilty plea resulting in an exceptional sentence a knowing, intelligent and voluntary waiver of his right to a trial by jury on whether the facts support an exceptional sentence beyond a reasonable doubt?

(*Id*. at 2.) The Acting Chief Judge of the Washington Court of Appeals dismissed the petition. (Dkt. 9, Ex. 3.)

Petitioner filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Ex. 4.) He raised the following ground for relief:

> The court ignored the explicit instruction in RCW 10.73.100(5) where the one-year time limit does not apply to cases where the sentence exceeded the sentencing court's jurisdiction to impose thereby violating the express will of the Washington Legislature. This violates the due process guarantees of the United States Constitution (14th and 5th Amendments).

(*Id*. at 1.) The Washington Supreme Court denied review. (Dkt. 9, Ex. 5.)

Petitioner now raises the following three grounds for relief:

> 1. The trial court in imposing an exceptional sentence changed the standard of proof from that of reasonable doubt to merely preponderance of the 'evidence'. This is a fairly clear cut case of intentional violation of the

REPORT AND RECOMMENDATION
PAGE -2

sixth Amendment where no jury has entered a finding of fact nor has the defendant either admitted the facts nor waived presentation to a jury. Thus the finding of deprivation in Blakely v. Washington, 452 U.S. __, 124 S.Ct. 2531, __ L.Ed.2d __, finding such sentences are unconstitutional applies here.

It has been held that it is a fundamental due process error to convict and incarcerate an individual without proof of all elements of the crime[.] Flore v. White, 531 U.S. 225, 228-29, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). Here petitioner complains of the fact that the elements used to impose his exceptional sentence were proved to no one, let alone to a jury.

2.  The Washington Supreme court held that Blakely v. Washington, did not apply retroactively. In their determination they ignored the that [stet] the sentencing court lacked subject matter jurisdiction to impose the exceptional sentence herein complained of, thereby ignoring the explicit will of the Washington Legislature in creating exceptions to the one year time limit imposed upon collateral attacks, when the underlying conviction was unconstitutional. Therefore, denying petitioner relief based upon other facts not in operation in his specific circumstances, violates, at minimum, the due process requirements of the Fourteenth Amendment.

3.  It is alleged that a fundamental jurisdictional defect arose when the statute permitting the imposition of an exceptional sentence was struck down as unconstitutional. Washington chooses not to recognize its own case law holding that a "fundamental defect which inherently results in a complete miscarriage of justice" permits relief. See In re Cook, 114 Wn.2d 802, 812, 792 P.2d 506 (1990).

Washington derived its fundamental defect standard from federal case law which recognized jurisdictional defects as a basis for habeas corpus relief. Hill v. United States, 368 U.S. 424, 428, 82 S.CT. 468, 7 L.Ed.2d 417 (1962).

In that no statutory authority existed after the statute in question in Blakely was found unconstitutional, no authority ever existed to impose an exceptional sentence, rendering the petitioner's exceptional sentence as fundamentally flawed, thereby subject to review by this court. See also Norton v. Shelby County, 118 U.S. 425, 442, ___ S.Ct. __, ___ L.Ed.2d ___, where the Supreme court stated that "an unconstitutional act ... in legal contemplation, is inoperative as though it had never been passed." Id 118 U.S. 442.

(Dkt. 1.)

REPORT AND RECOMMENDATION
PAGE -3

As stated by respondent, petitioner appears to have exhausted his claims on a federal constitutional basis. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust state remedies, a petitioner must present each of his claims to the state's highest court); and *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (a petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution.") (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Additionally, as argued by respondent, the Court finds no basis for an evidentiary hearing.

This Court's review of the merits of petitioner's claims is governed by 28 U.S.C. § 2254(d)(1). Under that standard, the Court cannot grant a writ of habeas corpus unless a petitioner demonstrates that he is in custody in violation of federal law and that the highest state court decision rejecting his grounds was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(a) and (d)(1). The Supreme Court holdings at the time of the state court decision will provide the "definitive source of clearly established federal law[.]" *Van Tran v. Lindsey*, 212 F.3d 1143, 1154 (9th Cir. 2000), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003). A state-court decision is contrary to clearly established precedent if it "'applies a rule that contradicts the governing law set forth in'" a Supreme Court decision, or "'confronts a set of facts that are materially indistinguishable'" from such a decision and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting

REPORT AND RECOMMENDATION
PAGE -4

*Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

In this case, petitioner's claims rest both on the premise that he received an exceptional sentence and on the applicability of *Blakely*. In considering these claims, the Commissioner of the Washington Supreme Court stated as follows:

> The Acting Chief Judge properly dismissed the petition. First, it does not appear that the trial court imposed an exceptional sentence. Mr. Watts was convicted of three serious violent offenses. *See* former RCW 9.94A.030(31)(a)(1996), *recodified as* RCW 9.94A.030(37)(a). If the convictions arose from separate and distinct criminal conduct, as it appears they did, the trial court was required to impose consecutive sentences. Former RCW 9.94A.400(1)(b)(1996), *recodified as* RCW 9.94A.589(1)(b). Second, even if the trial court imposed an exceptional sentence, *Blakely* does not apply retroactively to final judgments such as the judgment against Mr. Watts. *State v. Evans*, 154 Wn.2d 438, 448, 114 P.3d 627 (2005).

(Dkt. 9, Ex. 5 at 1-2.) For the same reasons, the Court here concludes that petitioner's claims should be dismissed with prejudice.

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Id.* at 299-300. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id.* at 300. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. *Id.* at 301-05. The Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original; citing *Apprendi*

REPORT AND RECOMMENDATION
PAGE -5

01 *v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of conviction, any fact that

02 increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to

03 a jury and proved beyond a reasonable doubt."))  In *Schardt v. Payne,* 414 F.3d 1025, 1038 (9th

04 Cir. 2005), the Ninth Circuit found that *Blakely* did not apply retroactively to a conviction that

05 was final before that decision was announced.

06       Here, as an initial matter, the trial court was required to run petitioner's three sentences

07 consecutively.  *See* RCW 9.94A.589(1)(b) ("Whenever a person is convicted of two or more

08 serious violent offenses arising from separate and distinct criminal conduct, . . .   [a]ll sentences

09 imposed . . . shall be served consecutively to each other[.]") (recodifying RCW 9.94A.400(1)(b)).

10 As such, petitioner fails to demonstrate that there was an exceptional sentence in this case.

11 Moreover, even if the trial court had imposed an exceptional sentence, *Blakely* does not apply.

12 Petitioner's 1997 conviction was unquestionably final as of the 2004 decision in *Blakely*.  Thus,

13 petitioner may not rely on *Blakely* in his § 2254 petition.

14       For the reasons described above, petitioner's habeas petition should be denied and this

15 action dismissed with prejudice.  A proposed Order of Dismissal With Prejudice accompanies this

16 Report and Recommendation.

17       DATED this 7th day of June, 2006.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6